22-644-cv
Ortiz v. State of Connecticut

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT:  BARRINGTON D. PARKER,
                    GERARD E. LYNCH,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges.*

------------------------------------------------------------------

LUIS ORTIZ,

                    *Plaintiff-Appellant,*

            v.                                                      No. 22-644-cv

STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION,

                    *Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTFF-APPELLANT: Luis Ortiz, *pro se*, Bridgeport, CT

FOR DEFENDANTS-APPELLEES: Colleen B. Valentine, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Luis Ortiz, proceeding pro se, appeals from a March 1, 2022 judgment of the United States District Court for the District of Connecticut (Meyer, J.) dismissing his claims against the State of Connecticut and its Department of Transportation ("DOT") for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2019 Ortiz, represented by counsel, sued the DOT, his employer, alleging that he had been subjected to discrimination on the basis of his race.

The District Court granted the DOT's unopposed motion to dismiss on October 23, 2019. In 2020 Ortiz again sued the DOT, this time for retaliation, alleging that he was suspended and denied a pay raise because he had filed the 2019 lawsuit and complained of discriminatory conduct. The District Court granted summary judgment in favor of the DOT, finding that the DOT had proffered legitimate, non-retaliatory reasons for suspending Ortiz and denying him a pay raise, and that Ortiz had failed to offer admissible evidence showing that these reasons were a pretext for retaliation.[1]

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." Garcia v. Hartford Police Dep't, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant

---

[1] In his opening brief, Ortiz describes various racially discriminatory incidents that in his earlier lawsuit he alleged occurred while he was employed at DOT. Ortiz asks us to "take judicial notice" of his allegations in the earlier lawsuit. Appellant's Br. 18. We decline to do so because, at the summary judgment stage, Ortiz may not rely on allegations in a complaint but instead must adduce admissible evidence in support of his claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"To establish a prima facie case of unlawful retaliation under Title VII, an employee must show that (1) [ ]he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 24 (2d Cir. 2014) (quotation marks omitted). If the plaintiff makes out a prima facie case of retaliation, "the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions." Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014). "If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is pretext for . . . retaliation." Id. To meet this burden, the plaintiff must show "that the adverse action would not have occurred in the absence of the retaliatory motive." Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013).

Like the District Court, we assume without deciding that Ortiz established a prima facie case of retaliation. We agree with the District Court, however, that

4

the DOT proffered legitimate, non-retaliatory reasons for the adverse actions.

First, the DOT adduced evidence that Ortiz was suspended and transferred after he was found to have violated several DOT policies, including refusing a direct order from his supervisor and repeatedly posting inappropriate notes on his locker.   Second, the DOT also adduced evidence that Ortiz was denied a pay raise because he received an unsatisfactory performance review after being suspended twice in March 2019, and that the process it employed in denying the pay raise complied with the collective bargaining agreement between the DOT and Ortiz's union.   Ortiz did not adduce admissible evidence demonstrating that the DOT's proffered reasons were a pretext for retaliation.

Urging a contrary conclusion on appeal, Ortiz points to statements made by two of his supervisors, Stephen Moran and Lino Bruno, that he claims directly evidence retaliatory intent and show that DOT's explanations are pretextual. We are not persuaded.   First, Ortiz relies on Bruno's offer of a job as crew leader in exchange for withdrawing the 2019 lawsuit.   But because Ortiz did not rely on this offer in the District Court as evidence of retaliation, he has forfeited the argument.   See Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005) ("In

5

general we refrain from passing on issues not raised below." (quotation marks omitted)).    Even if we considered the argument on the merits, Bruno's statement does not qualify as direct evidence of retaliation because, as the District Court concluded and Ortiz does not contest on appeal, "there is no evidence connecting Bruno to Ortiz's discipline."    App'x 136.    See Holcomb v. Iona Coll., 521 F.3d 130, 143 (2d Cir. 2008) ("[A] Title VII plaintiff is entitled to succeed . . . so long as the individual shown to have the impermissible bias played a meaningful role in the [decision-making] process." (quotation marks omitted)).

Ortiz likewise points to Moran's statement that "people have tried this before and found themselves without a job."    Appellant's Br. 3; App'x 136.    We agree with the District Court that the statement, standing alone, is not sufficient to show that the DOT's proffered reasons for disciplining Ortiz were a pretext for retaliation and that "the desire to retaliate was the but-for cause of the challenged employment action."    Ya-Chen Chen v. City Univ. of New York, 805 F.3d 59, 70 (2d Cir. 2015) (quotation marks omitted).    There is no evidence that the investigation into Ortiz's inappropriate notes or his subsequent suspension was in any way out of the ordinary or disproportionate, in light of the egregious

nature of his actions and his prior disciplinary record. Although Moran was the final decisionmaker with respect to Ortiz's unsatisfactory annual service rating, that rating was based on three documented disciplinary infractions that Ortiz undisputedly incurred in March 2019, before the first lawsuit was filed.[2] And Moran's subsequent decision to deny Ortiz an annual raise because of the unsatisfactory rating comported with DOT policy and the collective bargaining agreement. In summary, Ortiz does not point to, nor do we identify, any "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." Zann Kwan, 737 F.3d at 846.

Finally, Ortiz points to the fact that other employees who had not engaged in protected activity were not disciplined for egregious misconduct. But Ortiz did not name these comparators in his counseled opposition to the DOT's motion for summary judgment in the District Court. He has therefore forfeited this

---

[2] Ortiz received a one-day suspension on March 5, 2019 for allowing one of his required certifications to expire, a written warning on March 12, 2019 for a violation of the department's "wheel chock policy" that occurred on February 13, and a two-day suspension on March 21, 2019 for violating the "backing policy" when he backed a truck out of a garage bay without a spotter.

argument.   See Doe v. Trump Corp., 6 F.4th 400, 410 (2d Cir. 2021).

We have considered Ortiz's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>